**CORAL CONSTRUCTION CO., INC., Relator,**

v.

**The PRESIDING JUDGE OF the 48TH JUDICIAL DISTRICT COURT OF TARRANT COUNTY, Texas, Respondent.**

No. 2–86–173–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 29, 1986.

Shannon, Gracey, Ratliff & Miller and C. Victor Anderson and Tim G. Sralla, Fort Worth, for appellant.

Peebles, Betty & Brantley and Harvey L. Frye, Jr., Fort Worth, for Gulf Ins. Co., Party in real interest.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Coral Construction Co., Inc. filed this original mandamus action in this court to order the presiding judge of the 48th District Court to rescind his order denying discovery of the investigative file material of Gulf Insurance Company, insurance carrier for David Whatley d/b/a Road Runner Courier. Both Coral and Whatley are defendants in a lawsuit brought by Philip Michael Haynes, Jr., as the result of a traffic accident. Gulf has denied coverage of the accident and has declined to defend Whatley.

We hold that the trial court abused its discretion in denying discovery and conditionally grant the writ.

Gulf claims that its investigative file was protected under TEX.R.CIV.P. 166b(3)(d), which provides the following exemption from discovery:

> d. with the exception of discoverable communications prepared by or for experts, any communication passing between agents or representatives or the employees of any party to the action or communications between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen....

*Id.*

The burden is on the party resisting discovery to prove that evidence is acquired or developed in anticipation of litigation. *Turbodyne Corp. v. Heard,* 29 Tex. Sup.Ct.J. 521, 522 (July 9, 1986) (per curiam). In a hearing before Judge Claude Williams, sitting for Judge William L. Hughes, Jr., Gulf, through its attorney, asserted that its file was acquired or developed in anticipation of litigation. Gulf presented no proof to back up its assertion, thereby failing to meet its burden of proof. Since Gulf failed to meet its burden of proof, the investigative file is not exempt from discovery. *Id.*

We therefore conditionally grant the writ. If the presiding judge of the 48th District Court fails to vacate the August 8, 1986 order, the mandamus will issue.